J-S89008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY WRIGHT, | |
| Appellant | No. 1014 EDA 2016 |

Appeal from the PCRA Order February 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0806301-2004

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **Filed January 20, 2017**

Appellant, Anthony Wright, appeals from the order denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> [Appellant] was convicted of third-degree murder, violating the Uniform Firearms Act, possessing an instrument of crime, and aggravated assault following a waiver trial before this Court that took place during the summer of 2007. These convictions arose out of an incident that occurred on June 27, 2004. On that day [Appellant] and [Thomas Reid] walked past four individuals who were on the porch of a row home: Michael Robertson, Cortez Pryor, and Andre and Anthony Bowie. At the time [Appellant] was armed with a .38 caliber revolver. As

_____

[*] Former Justice specially assigned to the Superior Court.

[Appellant] and Reid walked in front of the house, Anthony Bowie said to them, "what the fuck are you looking at?" The two sets of men exchanged words as they approached one another. [Appellant] then pulled out his revolver, causing someone to say "yo, chill, we don't have to go there, we don't have to do this, chill." Anthony Bowie then began pushing Andre away from [Appellant] and then asked [Appellant] to put the weapon away. [Appellant] ignored the request and began firing at the Bowie group, all of whom began running away. During the incident Andre Bowie was shot in the chest and died that day. Anthony Bowie and Robertson were also shot.

[Appellant] testified that he had closed his eyes and fired the shots in self-defense. He contended that one of the Bowies had a gun, but no gun was ever found. The other witnesses testified that they did not see any gun other than [Appellant's] during the incident.

On October 23, 2007, this Court imposed an aggregate sentence on [Appellant] of twenty-five to fifty years' incarceration. [Appellant] thereafter filed post-sentence motions and after they were denied, he filed a notice of appeal to the Superior Court. On March 23, 2009, the Superior Court issued a memorandum and order affirming the judgment of sentence. Commonwealth v. Wright, 972 A.2d 565 (Pa. Super. 2009) (Table). [Appellant] thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which denied the petition on December 9, 2009. Commonwealth v. Wright, 985 A.2d 690 (Pa. 2009) (Table).

On September 30, 2010, [Appellant] filed a petition pursuant to the Post–Conviction Relief Act. 42 Pa.C.S. 9541 *et seq*. Counsel was appointed and on February 25, 2014, counsel filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988); Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and a Motion to Withdraw. This Court, after carefully reviewing the record, [Appellant's] various filings, and counsel's no-merit letter, accepted counsel's letter and sent [Appellant] a Pa.R.Crim.P. 907 notice of dismissal on March 28, 2014, that advised [Appellant] that his PCRA petition was going to be dismissed in 20 days. [Appellant] filed a response to the 907 notice and after reviewing it this Court granted counsel's motion to withdraw and dismissed [Appellant's] petition on April

29, 2014. Apparently, [Appellant] never received a copy of the order dismissing his PCRA petition.

On February 4, 2015, [Appellant] filed a second PCRA petition alleging, *inter alia*, that he never received a copy of the order dismissing his PCRA petition.[1] Upon reviewing that petition, this Court concluded that it had been untimely filed and sent [Appellant] 907 notices indicating the same in October and November of 2015. [Appellant] filed a response on January 15, 2016.

PCRA Court Opinion, 2/4/16, at 1-3.

On February 4, 2016, the PCRA court dismissed Appellant's second PCRA petition as untimely. This timely appeal followed.

Appellant presents the following issues for our review:

I. Whether Appellant's Instant PCRA Petition Is Timely Filed, Where Appellant Has Invoked A Statutorily Enumerated Exception To Excuse The Untimeliness Of The Instant PCRA Petition?

II. Whether Appellant Is Entitled To The Reinstatement Of His PCRA Appellate Rights Nunc Pro Tunc, Following The Dismissal Of His Initial PCRA Petition As A Result Of The PCRA Court's Failure To Provide Appellant With A Final Order As Required by **Pa.R.Crim.P. 907(4)**?

Appellant's Brief at 4 (emphasis in original).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super.

---

[1] In his second PCRA petition, Appellant sought reinstatement of his appellate rights *nunc pro tunc*. PCRA Petition, 2/4/15, at 5.

- 3 -

2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature and may not be ignored in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In addition, we are mindful that all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA. ***Commonwealth v. Fairiror***, 809 A.2d 396, 397 (Pa. Super. 2002).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that the trial court imposed the instant judgment of sentence on October 23, 2007.  This Court affirmed Appellant's judgment of sentence on March 23, 2009, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 9, 2009.  Appellant did not seek review in the United States

---

[2]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Supreme Court. Accordingly, Appellant's judgment of sentence became final on March 9, 2010, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant did not file the instant PCRA petition until February 4, 2015. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply. ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant contended that his untimeliness of his second PCRA petition should be excused due to the ineffective assistance of his first PCRA counsel, who allegedly failed to inform Appellant that his first PCRA petition had been dismissed by the PCRA court, thereby denying Appellant his constitutional right to an appeal. PCRA Petition, 2/4/15, at Appendix 3. However, an assertion that prior counsel's ineffectiveness resulted in the denial of his

second PCRA petition does not satisfy one of the time-for-filing exceptions in the PCRA. As our Supreme Court has explained:

> It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. **See Commonwealth v. Pursell**, 561 Pa. 214, 749 A.2d 911, 915-16 (2000) (holding a petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel); **see also Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780, 785-86 (2000) (finding that the "fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585, 589 (2000) (holding that allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims).

**Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005). Accordingly, Appellant's claim of prior counsel's ineffective assistance does not provide him relief of his untimely filing of the instant PCRA petition.

In addition, we observe that Appellant also asserted that the PCRA court did not notify Appellant of the April 29, 2014 dismissal of his first PCRA petition. PCRA Petition, 2/4/15, at 4. Assuming for the sake of argument that this claim properly raises the timeliness exception of government interference, as we previously stated, section 9545 of the PCRA requires that "[a]ny petition invoking an exception provided in paragraph [b](1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). In **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008), our Supreme Court reiterated that compliance with the sixty-day rule

is mandatory in order to invoke an exception to the PCRA timeliness requirements, which "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Id*. at 310 (citation omitted).

In addressing Appellant's failure to exercise due diligence and to file the instant PCRA petition sooner, the PCRA court offered the following analysis, which we adopt:

> Here, [Appellant] failed to establish that he filed his most recent PCRA petition within sixty days of the date he could have learned through the exercise of due diligence that the order dismissing his previous PCRA petition had been entered on the court docket as required by 42 Pa.C.S. §9545(b)(2).[3] [Appellant's] most recent PCRA petition is devoid of any explanation as to why he did not contact the clerk's office sooner than he did. Clearly, having been sent a Rule 907 notice in March of 2014 advising [Appellant] of [the PCRA court's] intention to dismiss his petition in twenty days, [Appellant] was effectively put on notice that his petition was going to be dismissed. [Appellant], therefore, had an obligation to ascertain whether his petition had been dismissed sooner than December of 2014.[4] Moreover, given that [Appellant] was able to obtain the information pertaining to the dismissal of his previous PCRA petition with no difficulty, it is clear that he could have learned of the dismissal well prior to the date he filed his most recent PCRA

_____

[3] As previously indicated, the PCRA court dismissed Appellant's first PCRA petition on April 29, 2014.

[4] Specifically, in the instant PCRA petition, Appellant averred that "[i]t wasn't until December 13, 2014, after [Appellant] wrote to the Clerk of Courts of the Common Pleas Court of the Philadelphia County requesting a copy of the Criminal Docket sheet, that [Appellant] was made aware of the fact that [Appellant's first PCRA petition] had been formally dismissed on April 29, 2014." PCRA Petition, 2/4/15, at Appendix 1-2.

petition. This is not a case where it was impossible for [Appellant] to learn of the dismissal of his petition.

PCRA Court Opinion, 2/4/16, at 5. Appellant failed to show that the information he relied upon in filing the instant PCRA petition could not have been obtained earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(2). Hence, Appellant failed to meet any of the timeliness exceptions, and the PCRA court correctly determined that the instant PCRA petition was untimely filed.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claims presented and grant relief. *See Fairiror*, 809 A.2d at 398 (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judge Moulton joins the Memorandum.

Justice Fitzgerald notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/20/2017</u>